IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MATTOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 19-1229 |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Linda Mattox ("Mattox") seeks judicial review of the Social Security Administration's denial of her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). She alleges a disability onset date of June 30, 2014. (R. 12) The ALJ denied her claim following a hearing, during which both Mattox and a vocational expert ("VE") testified. Following the hearing, Mattox submitted a post-hearing brief challenging various aspects of the VE's testimony. The ALJ denied benefits. Mattox then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 10 and 14. For the reasons below, the ALJ's decision is vacated and the case is remanded for further consideration.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420. A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the

evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Mattox's claim for benefits. At step one of the five step analysis, the ALJ found that Mattox had not engaged in substantial gainful activity since the alleged onset date. (R. 16) At step two, the ALJ concluded that Mattox suffers from the following severe impairments: panic disorder, depressive disorder, hypertension, tobacco use disorder, syncope / dizziness, and bilateral elbow and wrist fractures. (R. 16) At step three, the ALJ concluded that Mattox does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-19) Between steps three and four, the ALJ found that Mattox has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 19-24) At step four, the ALJ found that Mattox is unable to perform any past relevant work. (R. 24) At the fifth step of the analysis, the ALJ concluded that, considering Mattox's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 24-25) As such, the ALJ concluded that Mattox was not under a disability during the relevant period. (R. 25)

III. Discussion

Mattox challenges the findings at step five that she can perform jobs such as those of an office helper, a marker, and a mail clerk. During the hearing, the VE explained that she relied upon the Dictionary of Occupational Title's ("DOT") skill classifications in determining that Mattox's RFC was consistent with the skills required in those positions. Mattox countered that these positions were not suited for her because they were no longer performed at the unskilled level. Mattox's argument was based, in part, upon the skill classifications set for in the Occupational Information Network ("O*NET"). According to Mattox, the ALJ failed to address her objections and this failure precludes meaningful review and necessitates a remand.[1]

After careful consideration, I agree that the ALJ failed to meaningfully discuss Mattox's objections to the VE testimony and that such failure precludes meaningful review. In so holding, I find persuasive the decision in *Henderson v. Saul*, Civ. No. 17-2846, 2019 WL 5549907 (D.D.C. Oct. 28, 2019). In addressing a similar issue, the *Henderson* court stated as follows:

> The ALJ plays an important role in the disability determination process. "In a disability proceeding, the ALJ 'has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability.' " *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989) (quoting *Diabo v. Sec'y of HEW*, 627 F.2d 278, 281 (D.C. Cir. 1980)). An ALJ may "receive evidence" and "examine witnesses" about contested issues in a hearing and may even receive evidence that "would not be admissible in court." 42 U.S.C. §§ 405(b)(1), 1383(c)(1)(A); 20 C.F.R. §§ 404.950(c), 416.1450(c). In other words, the ALJ serves as "an examiner charged with developing the facts," *Richardson v. Perales*, 402 U.S. 389, 410 (1971), and he has a duty to

---

[1] Although Mattox challenged the VE's testimony to some degree during the hearing, the post-hearing brief provides a more comprehensive explanation of her position. (R. 277-340) The Government contends that such briefs are "disfavored" and cites to decisions from other courts which object to the "tactics" used by claimant's counsel. (ECF 15, p. 9-10), *citing, Patterson v. Saul*, Civ. No. 18-641, 2019 WL 4237854, at * 5 (M.D. Tenn. Aug. 2, 2019) and *Postel v. Saul*, Civ. No. 18-2017, 2019 WL 4720990, at * 19-25 (N.D. Iowa Sept. 26, 2019). Regardless of whether counsel engaged in a particular strategy, the fact remains that ALJ permitted and considered the filing of post-hearing briefs. That brief and those objections became part of the administrative record. An ALJ is obligated to consider everything in the record in formulating a decision.

> "develop the arguments both for and against granting benefits," *Sims v. Apfel*, 530 U.S. 103, 111 (2000).
> This carries over into step five of the sequential analysis, in which the agency has the burden "to demonstrate that the claimant is able to perform 'other work' based on a consideration of [his] 'residual functional capacity' (RFC), age, education and past work experience." *Butler*, 353 F.3d at 997; *see* 20 C.F.R. §§ 404.1520(f), 416.920(f). As part of this determination, the ALJ can "take administrative notice of **reliable** job information available from various governmental and other publications," including the DOT. 20 C.F.R. § 404.1566(d) (emphasis added). For guidance on whether jobs exist in the national economy, "ALJs often seek the views of 'vocational experts,' " who are "professionals under contract with SSA to provide impartial testimony in agency proceedings." *Biestek*, 139 S. Ct. at 1152 (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1560(b), 404.1566(e), 416.966(e); SSR 00-4p. The evidence presented by VEs can include information from outside the DOT, including "other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling." SSR 00-4p.
> On review, however, the ALJ's reliance on such an expert must still clear the substantial evidence standard, which is determined on a case-by-case basis. *See Biestek*, 139 S. Ct. at 1157 (finding that vocational expert's withholding of documentary basis for opinion may sometimes "prevent [such] testimony from qualifying as substantial evidence" and noting that this inquiry is "case-by-case"); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) (explaining that testimony from vocational expert is not substantial if it is not reliable and is "conjured out of whole cloth"). And "with regard to an ALJ's reasoning the Court may only consider the grounds proffered by the agency in its decision" and can neither credit "post hoc rationalizations" offered by the parties nor weigh the evidence for itself. *Settles v. Colvin*, 121 F. Supp. 3d 163, 169–70 (D.D.C. 2015) (internal quotation marks omitted) (quoting *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 33 (D.D.C. 2013)); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] simple but fundamental rule of administrative law ... is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."); *Clark v. Astrue*, 826 F. Supp. 2d 13, 20 (D.D.C. 2011) ("[A] court may only consider the grounds proffered by the agency in its decision, as post hoc rationalizations will not suffice."). Accordingly, the ALJ must build "an accurate and logical bridge from the evidence to [his] conclusion" to afford a reviewing court the opportunity to provide the claimant with "meaningful judicial review." *Lane-Rauth*, 437 F. Supp. 2d at 67(internal quotation marks omitted) (quoting *Scott*, 297 F.3d at 595).

*Henderson*, 2019 WL 5549907, at * 7.

The *Henderson* court determined that the ALJ's failure to address the objections raised in the post-hearing brief amounted to a failure to build "an accurate and logical bridge from the evidence to his conclusion." Relevant here, in *Henderson*, the claimant argued that "the jobs named by the vocational expert are no longer performed as unskilled jobs." Yet, the ALJ did not meaningfully discuss this objection, develop a record, or adequately explain his reasoning. Instead, the ALJ overruled the "objection that the jobs identified by the vocational expert at the hearing are no longer available." *Id.* at *8. The court was unable to discern whether "the ALJ overruled an objection that was not raised, misunderstood Mr. Henderson's objection, was imprecise in his ruling, or did not rule on that objection at all." *Id.* The court concluded that "[a]ny of these options precludes this Court from meaningfully reviewing both the ALJ's overruling of Mr. Henderson's objections and the ALJ's ultimate decision." *Id. See also, Springer v. Comm'r. of Soc. Sec.*, Civ. No. , 2020 WL 1531757, * 17 (E.D. Mich. March 31, 2020) ("where an applicant objects to the reliability of a VE's testimony, the ALJ must 'meaningfully explain why [she] relied upon the VE….'")

Although an ALJ "does not necessarily have an affirmative duty to question every VE regarding her methodology, objections by a claimant may call into question the reliability of a VE's testimony." *Id.* at *7, *citing*, among others, *Biestek*, 139 S. Ct. at 1157. Here, as in *Henderson*, the ALJ failed to address in any meaningful way the objections that Mattox raised in her post-hearing brief. Generic comments regarding the use of VEs, the sources of job information that they may rely upon, and a comment that concerns over whether these sources are "outdated" should be directed to Congress, does not constitute a meaningful discussion of the issues that Mattox raised.

Consequently, because the ALJ's decision precludes this Court from meaningfully reviewing both the ALJ's overruling of Mattox's objections and the decision itself, remand is required.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MATTOX<br>        Plaintiff,<br><br>   -vs-<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | Civil Action No. 19-1229 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 13th day of October, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 10) is GRANTED and the Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED. It is further ORDERED that this case is REMANDED for further consideration. This case shall be marked "Closed" forthwith.

                                    BY THE COURT:

                                    /s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge